**In re 350 ENCINITAS INVESTMENTS, LLC, Debtor.**

**Barry J. Stone, an individual; and Gas Plus, Inc., a California Corporation, Appellants,**

v.

**350 Encinitas Investments, LLC, Appellee.**

**No. 07–56623.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed Feb. 17, 2009.

Donald A. Vaughn, Esquire, Vaughn & Vaughn, San Diego, CA, for Appellants.

Loren Scott Keehn, Keehn & Associates, San Diego, CA, for Appellee.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

A business known as 350 Encinitas, LLC ("LLC"), filed for Chapter 11 bankruptcy. A plan of reorganization was confirmed in 2003, and the bankruptcy court administratively closed its file in 2005. Thereafter, the previous owner of the LLC filed claims against the LLC, and others, in state court. Eventually some of the parties, including the LLC, reached a settlement agreement involving the state claims and also involving several new allegations concerning the bankruptcy plan. The settling parties presented their settlement agreement to the bankruptcy court for approval. That court approved the settlement over the objection of Barry Stone and Gas Plus, Inc. ("Stone parties"). The Stone parties appealed to the district court, which affirmed the bankruptcy court. The Stone parties timely appeal.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We review de novo whether subject matter jurisdiction exists. *Kingman Reef Atoll Invs., LLC v. United States,* 541 F.3d 1189, 1195 (9th Cir.2008). Contrary to the Stone parties' argument, the bankruptcy court had subject matter jurisdiction over this non-core proceeding. *See Montana v. Goldin (In re Pegasus Gold Corp.),* 394 F.3d 1189, 1193 (9th Cir. 2005) (explaining core and non-core proceedings). That is so because, among other reasons, the bankruptcy court was called on to interpret the confirmed plan to decide whether Estrin had authority to settle the claims and because one of the settled claims sought to have the confirmed plan vacated on account of the LLC's allegedly fraudulent conduct. Reopening the bankruptcy case was not required, though; closure of the file was merely an administrative convenience, and the case never was dismissed. *See* Bankruptcy Rule 3022 advisory committee's note (1991) ("A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders...."). Moreover, the confirmed plan expressly provided that the Bankruptcy Court "shall retain jurisdiction over the Case ... to the fullest extent."

2. We review for abuse of discretion the bankruptcy court's approval of a settlement. *Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1380 (9th Cir.1986). The settlement agreement was not a de facto amendment of the confirmed plan, because nothing in the settlement of later-arising claims altered the plan itself. Additionally, the bankruptcy court did not err in approving the settlement. The same judge presided over the settlement hearings as had presided over the underlying case; the court heard extensive oral arguments concerning the wisdom of the settlement; and the court considered the appropriate factors and permissibly concluded that the settlement was fair. *See id.* at 1382–83 (approving settlement in similar circumstances).

AFFIRMED.